IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA
WESTERN DIVISION

| | |
|---|---|
| Beanka Hassan, | ) |
|     Plaintiff, | ) Case No. _____ |
| v. | ) **COMPLAINT AND DEMAND** |
| North Dakota Department of Corrections and Rehabilitation, | ) **FOR JURY TRIAL** |
|     Defendant. | ) |

COMES NOW Plaintiff, by and through her counsel of record, for her Complaint and causes of action against the above-named Defendant, states and alleges as follows:

## PARTIES

1. Plaintiff, Beanka Hassan, is an individual person who, at all times relevant herein, was an "employee" of Defendant's, as the term is defined by Title VII of the Civil Rights Act of 1964, as amended. Plaintiff is presently a resident and domiciliary of the state of North Dakota. Plaintiff is a female and her race is black.

2. At all times relevant herein, Defendant, the North Dakota Department of Corrections and Rehabilitation ("ND DOCR"), has been doing business in the State of North Dakota and, is an "employer" of over 500 employees, as the term is defined by Title VII of the Civil Rights Act of 1964, as amended.

3. At all times relevant herein, ND DOCR acted by and through its agents, servants, and employees, each of whom acted at all times relevant herein, in the course and scope of their employment with and for ND DOCR.

## JURISDICITON AND VENUE

4. Plaintiff bases her claims on Title VII of the Civil Rights Act of 1964, as amended, Title 42 U.S.C. § 2000e *et seq.* As such, this Court has federal question subject matter jurisdiction pursuant to Title 28 U.S.C. §§ 1331 and 1343.



1

5. The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the Western District of North Dakota.

**ADMINISTRATIVE PROCEDURES**

6. More than thirty (30) days prior to the institution of this lawsuit, Plaintiff filed charges of employment discrimination against ND DOCR with the United States Equal Employment Opportunity Commission ("EEOC"). The allegations and adverse employment actions which were the subject of those charges are the subject of this action. This action is filed within 90 days of the date on which the Plaintiff received the earliest notice of right to sue from the U.S. Department of Justice Civil Rights Division. As such, all conditions precedent to the institution of this lawsuit have been fulfilled.

**FACTUAL BACKGROUND**

7. Since at least August 2016, ND DOCR has engaged in unlawful employment practices in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-2(a)(1).

8. The unlawful employment practices include failing to hire Plaintiff and then place her in available positions because of her race, color, and sex.

9. Plaintiff was previously employed by ND DOCR and worked as a Correctional Officer II with her employment beginning in September 2015.

10. After experiencing pregnancy related medical complications while at work and suffering a miscarriage, Plaintiff resigned from the ND DOCR on or about July 14, 2016.

11. During her employment as a Correctional Officer II, Plaintiff met ND DOCR's legitimate employment expectations and had no disciplinary history.

12. On or about July 22, 2016, Plaintiff sent an email to Shannon Davison, ND DOCR's Human Resource Director, inquiring whether she would be able to reinstate her employment if she decided to come back to ND DOCR, and if so, whether her position would be as a Correctional Officer II, and the specifics of her compensation.



13. Ms. Davison replied to Plaintiff's email stating that "I see that you left on good terms. If you decide to come back your pay will start at $3338.00 per month, which is the same pay you left at and you would be on a six-month probationary period."

14. On or about July 30, 2016, Plaintiff sent another email to Shannon Davison inquiring whether ND DOCR had any available openings for a Correctional Officer II.

15. On August 18, 2016, Ms. Davison replied to Plaintiff's email stating that Plaintiff's "request to fill an authorized position at NDSP as a Correctional Officer II with the ND Department of Corrections and Rehabilitation has been declined."

16. Since July 14, 2016, Plaintiff applied for eight job postings with the ND DOCR for the following positions:

   a. Juvenile Institutional Residence Specialist with the Youth Correctional Center on July 29, 2016;

   b. Correctional Officer II with the Missouri River Correctional Center on August 10, 2016;

   c. Correctional Officer II with the James River Correctional Center on August 13, 2016;

   d. Temporary Security Officer I with the Youth Correctional Center on August 26, 2016;

   e. Correctional Officer II with the Missouri River Correctional Center on March 24, 2017;

   f. Correctional Officer with the North Dakota State Penitentiary on March 25, 2017;

   g. Correctional Officer I with the James River Correctional Center on March 25, 2017; and



3

  h.  Correctional Officer I with the James River Correctional Center on August 28, 2017.

17. Plaintiff was qualified for the above referenced positions for which she applied, was denied the positions for which she applied, and for every position for which she applied, the position was either unfilled or was given to someone not in Plaintiff's same protected class instead.

18. On or about September 27, 2017, Plaintiff applied for a Security Officer I position with the Youth Correctional Center.

19. On or about September 29, 2017, Plaintiff filed a Charge of Discrimination against ND DOCR with the EEOC.

20. Plaintiff was subsequently hired by ND DOCR for the position as a Security Officer I with the Youth Correctional Center on or about October 11, 2017, with a starting salary of $2,659.00 a month. Plaintiff began working on October 18, 2017.

21. Plaintiff's salary as a Security Officer I is significantly lower than her previous salary as a Correctional Officer II.

## COUNT 1:
## RACE DISCRIMINATION

22. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

23. 42 U.S.C. § 2000e *et seq.* provides that it is unlawful for an employer to fail or refuse to hire any individual because of such individual's race and color.

24. The effect of the unlawful employment practices complained of above in Paragraphs 9-21 has been to deprive Plaintiff of equal opportunities, and otherwise adversely affect her status as an employee because of her race and color.

25. The unlawful employment practices complained of above were intentional and/or with reckless indifference to Plaintiff's federally protected rights.



4

26. As a result of ND DOCR's violation of 42 U.S.C. § 2000e *et seq.*, Plaintiff has suffered and will continue to suffer loss of past and future income and employee benefits, mental anguish, emotional distress, embarrassment, and other damages.

27. The total amount of damages suffered by Plaintiff are excess of $75,000, to be further determined at trail.

## COUNT 2:
## SEX DISCRIMINATION

28. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

29. 42 U.S.C. § 2000e *et seq.* provides that it is unlawful for an employer to fail or refuse to hire any individual because of such individual's sex.

30. The effect of the unlawful employment practices complained of above in Paragraphs 9-21 has been to deprive Plaintiff of equal opportunities, and otherwise adversely affect his status as an employee because of her sex.

31. The unlawful employment practices complained of above were intentional and/or with reckless indifference to Plaintiff's federally protected rights.

32. As a result of ND DOCR's violation of 42 U.S.C. § 2000e *et seq.*, Plaintiff has suffered and will continue to suffer loss of past and future income and employee benefits, mental anguish, emotional distress, embarrassment, and other damages.

33. The total amount of damages suffered by Plaintiff are excess of $75,000, to be further determined at trail.

## PRAYER FOR RELIEF

34. WHEREFORE, Plaintiff respectfully requests this Court:

   A. Order Defendant to make whole Plaintiff by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described


EBELTOFT SICKLER LAWYERS

in Paragraphs 9-21 above, including but not limited to, out-of-pocket losses, lost pay and benefits, and job search expenses, in amounts to be determined at trial;

    B.    Order Defendant to make whole Plaintiff by providing compensation for past and future non-pecuniary losses resulting from the unlawful practices complained of in Paragraphs 9-21 above, including but not limited to, emotional pain, suffering, inconvenience, loss of enjoyment of life, and humiliation, in amounts to be determined at trial;

    C.    Award all of Plaintiff's costs and disbursements herein, including attorneys' fees; and

    D.    Grant such further relief as the Court deems just and equitable.

### IV. JURY DEMAND

35.    Plaintiff Beanka Hassan demands a trial by jury on all issues triable to a jury.

Dated this 10th day of January, 2019.

> Ebeltoft . Sickler . Lawyers PLLC
> Lawyers for the Plaintiff
> 2272 8th Street West
> Dickinson, North Dakota 58601
> 701.225.LAWS (5297)
> 701.225.9650 fax
> ngrant@ndlaw.com
> sthomas@ndlaw.com
>
> By: */s/ Shea Thomas*
>     Nicholas C. Grant, Lawyer #07102
>     Shea Thomas, Lawyer #08498

